# EXHIBIT 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| Mish International Monetary, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:20-cv-4577 |
| Vega Capital London Limited, et al. ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ExxonMobil Oil Corporation, 22777 Springwoods Village Parkway Spring, TX 77389-1425 ATTN: Legal Department c/o Prentice Hall Corporation, 801 Adlai Stevenson Dr. Springfield, IL 62703-4261 (Registered Agent)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A.

| Place: Akerman LLP, 1300 Post Oak Blvd # 2500 Houston, Texas 77056 c/o Sean Cichowski; or electronic means to Lauren.Goddard@akerman.com | Date and Time: 12/18/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/16/2023

CLERK OF COURT
                                                    OR

_____                    _____Lauren Goddard_____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Vega Capital London Limited and Adrian Spires, who issues or requests this subpoena, are:

Lauren Goddard, Akerman LLP, 71 South Wacker Drive, 47th Floor, Lauren.Goddard@akerman.com, (312) 870-8010

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-4577

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                                    *Server's signature*

                                                                    _____
                                                                    *Printed name and title*

                                                                    _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

The Definitions and Instructions set forth below apply to each of the requests for production of Documents ("Requests").

**I.   DEFINITIONS**

1. "Action" means *Mish International Monetary, Inc. v. Vega Capital London, Ltd., et al.*, No. 1:20-cv-04577 (N.D. Ill.).

2. "Agent" means past and present employees, directors, trustees, officers, commissioners, supervisors, consultants, attorneys, independent contractors, paralegals, secretaries, accountants, representatives, and any other person acting on behalf of the applicable person or entity.

3. "April 20th Trading Day" means the NYMEX trading day for April 20, 2020, which, for purposes of these Requests, began at 6:00 p.m. (U.S. Eastern Daylight Time ("EDT")) / 5:00 p.m. (U.S. Central Daylight Time ("CDT")) on April 19, 2020, and ended at 6:00 p.m. (EDT) / 5:00 p.m. (CDT) on April 20, 2020.

4. "April 21st Trading Day" means the NYMEX trading day for April 21, 2020, which, for purposes of these Requests, began at 6:00 p.m. (EDT) / 5:00 p.m. (CDT) on April 20, 2020, and ended at 6:00 p.m. (EDT) / 5:00 p.m. (CDT) on April 21, 2020.

5. "CME" means CME Group Inc. and any and all of its affiliates subsidiaries, directors, divisions, exchanges, subdivisions (including, but not limited to, the NYMEX), groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors or successors, and assigns, wherever they may be situated, and any other person or entity acting on its behalf.

6. "Communication" means the internal (*i.e.*, within ExxonMobil or any related entity) or external (*i.e.*, with Third Parties) transmittal of information (in the form of facts, ideas, inquiries or otherwise, either orally or in writing), including correspondence, packages, conversations, meetings, discussions, telephone calls, telegrams, telexes, telecopies, seminars, conferences, messages, notes, instant messages, e-mails and memoranda. The transmission of documents or things by mail, courier or electronic service or otherwise is included, without limitation, in this definition.

7. "Document" is defined in the broadest possible sense allowable under Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes any written, printed, typed, photocopied, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds, or symbols, or any combination thereof.  It includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of meetings or communications, surveys, charts, graphs, photographs, video recordings, and all other data compilations from which information can be obtained.  It also includes, without limitation, any transmittal and/or receipt of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written and whether chance, prearranged, formal or informal, and specifically includes conversations in person, telephone conversations, e-mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, press conferences, magazines and newspaper articles,

2

testimony before a governmental body, and video and audio transmissions. For the avoidance of doubt, the term "Document" shall include any and all electronic messages and/or conversations using text messaging and mobile device chat services, including but not limited to Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Signal, Slack, WeChat, and Snapchat. The term "Document" also means every copy of a document where such a copy is not an identical duplicate of the original.

8. "Futures Contract" means any exchange traded futures contract (including the TAS on such contracts) such as those traded on the CME and ICE.

9. "ICE" means the Intercontinental Exchange, Inc., and any of its parents, subsidiaries, affiliates, employees, agents, and any other person or entity acting on its behalf, wherever they may be situated.

10. "Include," "includes," and "including" shall be deemed to be followed by the words "without limitation." A list following any of these terms shall be interpreted to contain illustrative examples of the types of Documents responsive to the Request, but does not constitute an exclusive, all-encompassing, or exhaustive listing of every type of Document responsive to the Request and shall not be deemed in any way to qualify, limit, or restrict the scope of the Request.

11. "May WTI Contract" means the West Texas Intermediate (WTI) crude oil futures contract traded on NYMEX or ICE for delivery of crude oil futures in May 2020—which settled at the negative price of -$37.63 per barrel on its penultimate day of trading (*i.e.*, April 20, 2020)—including (1) options on the NYMEX or ICE WTI crude oil futures contract and (2) any such contracts that were purchased or sold based on TAS Trades.

12. "NYMEX" means the New York Mercantile Exchange and any of its parents (including, but not limited to, CME Group), subsidiaries, affiliates, employees, Agents, or persons or entities acting on its behalf or under its control.

13. "Relate to," "relating to," or "concerning" means any information or Documents that comprise, constitute, contain, embody, evidence, identify, reflect, state, refer to, deal with, or are in any way pertinent to that subject, including Documents concerning the preparation of other Documents.

14. "TAS" means trading-at-settlement for the WTI Contract, including the May WTI Contract, and any other eligible futures contract.

15. "TAS Trade" or "TAS Trading" means a type of order that allows commodities traders to buy or sell an eligible futures contract during the trading day at the settlement price for the contract or at a price within a certain number of ticks above or below the settlement price.

16. "Third Parties" means any persons or entities other than ExxonMobil, as ExxonMobil is defined herein. The term "Third Parties" includes, but is not limited to, current and former retail investors and/or customers of ExxonMobil or any of its affiliates.

17. "WTI Contract" means the West Texas Intermediate (WTI) crude oil futures contract traded on NYMEX or ICE, including (1) options on the NYMEX or ICE WTI crude oil futures contract and (2) any such contracts that were purchased or sold based on TAS Trades. As used herein, the term "WTI Contract" includes, but is not limited to, the "May WTI Contract."

18. "You," "Your," "ExxonMobil" or "Exxon Mobil" means EXXONMOBIL OIL CORPORATION and any and all of its affiliates, subsidiaries, parents, directors, divisions, subdivisions, groups, offices, branch offices, departments, employees, brokers, traders, consultants, Agents, representatives, accountants, predecessors or successors, and assigns

wherever they may be situated, including but not limited to EXXON MOBIL SALES & SUPPLY LLC and EXXON MOBIL CORPORATION.

## II.     INSTRUCTIONS

1. To the extent an instruction or definition conflicts with any Protective Order or ESI Protocol entered in this Action, then the terms of the Protective Order or ESI Protocol shall govern.

2. Your obligation to respond to these Requests is a continuing one.

3. You are required to produce every requested document in Your possession, custody, or control in a manner that complies with the requirements of Rule 34 of the Federal Rules of Civil Procedure.

4. The following instructions shall be used in construing these Requests:

   a. the use of the singular form of any word includes the plural and vice versa (*e.g.*, "Customer" includes "Customers");

   b. the connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Requests all documents that might otherwise be construed as outside their scope;

   c. the terms "all," "any," and "each" shall each be construed as encompassing any and all; and

   d. the term "document" includes any "communication" relating to the subject matter of each Request; and

   e. Requests that seek "documents sufficient to show" shall be construed as requesting the production of documents that sufficiently provide a true, accurate, and complete disclosure of the information requested.

5. Every Request shall be answered separately and fully in writing. If any answer or part of any answer is based upon information and belief rather than personal knowledge, You shall state that it is made on that basis.

6. If any part of a Request is objected to, the reason for the objection should be stated with particularity. If an objection is made to part of any item or category, the part should be

specified. Furthermore, where objections are asserted to any Request, Your response shall state whether any documents are being withheld on the basis of such objections or whether documents will be produced notwithstanding such objections.

7. If a responsive document is no longer in Your possession, custody, or control, state the document's disposition, including the approximate date of such disposition, and identify all persons having knowledge of the document's contents.

8. If a responsive document is no longer in Your possession, but a copy of said document has been maintained by Your representative, agent, or consultant (such as, but not limited to, any of Your accountants, auditors, attorneys, financial advisors, or experts), include such document in Your production.

9. All documents produced in electronic format should be provided with the following: (i) Group IV "tiff" images and IPRO-ready OPT files; (ii) Concordance DAT delimited file with boundaries; (iii) full extracted text, with full extracted text files provided on a document level; and (iv) all metadata fields associated with each electronic document.

10. Where a privilege claim is asserted in objecting to any Request, and an answer is not provided on the basis of such assertion, provide the following information for each such claim:

  a. The attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, the state's privilege rule being invoked; and

  b. For documents, provide: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

  c. For oral communications, provide: (i) the name of the person making the communication and the names of persons present while the communication

was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

11. Documents shall be produced as they are kept in the usual course of business and shall not be shuffled or otherwise rearranged. Documents that were stapled, paperclipped, or otherwise bound together in their original condition shall be produced in such form.

### III. DOCUMENTS REQUESTED

1. Documents sufficient to show the following information for Your trades in the May WTI Contract during the April 20th Trading Day and/or April 21st Trading Day: (i) the type of each trade (*e.g.*, purchase or sale); (ii) the amount of each trade, in terms of the number of lots and the price per lot; and (iii) the time each trade took place in Central Daylight Time (CDT).

2. Documents sufficient to show when and how each position You held in the May WTI Contract on the April 20th Trading Day and/or April 21st Trading Day was liquidated.

3. Documents sufficient to show the amount of any long or short position You held in the May WTI Contract at any time on the April 20th Trading Day.

4. Documents sufficient to show whether and when You knew or believed that the May WTI Contract could trade at negative prices.

5. Documents sufficient to show Communications between You and CME, NYMEX, or ICE relating to the May WTI Contract, including but not limited to: (i) notices by CME that the WTI Contract may trade at negative prices; (ii) correspondence relating to Your trading and/or rollover strategy with respect to the May WTI Contract; and (iii) correspondence relating to the April 20th Trading Day and/or the April 21st Trading Day.

6. Documents sufficient to show Your trading and/or rollover strategy with respect to the May WTI Contract and/or the April 20th Trading Day.

7. Documents sufficient to show the following with respect to any crude oil You purchased under the May WTI Contract: (i) whether You accepted or considered accepting delivery of any such crude oil; (ii) whether You stored or considered storing any such crude oil; and (iii) the amount of such crude oil that You accepted for delivery and/or stored, if any.

8. Documents sufficient to show Communications between You and any Third Parties relating to the May WTI Contract, including but not limited to Documents and Communications concerning the Third Parties' investments or holdings in the May WTI Contract.

9. Documents sufficient to show the following information relating to all Third Parties who traded or invested in the May WTI Contract through You: (i) the number and identity of any such Third Parties; (ii) the earnings or losses of such Third Parties in the May WTI Contract; and (iii) the terms of any settlements or other agreements between You and any such Third Parties with respect to the May WTI Contract.